1  **GRIFFITH & THORNBURGH, LLP**
   ATTORNEYS AND COUNSELORS

2  8 EAST FIGUEROA STREET, SUITE 300
   POST OFFICE BOX 9

3  SANTA BARBARA, CA 93102-0009
   TELEPHONE: 805-965-5131

4  TELECOPIER: 805-965-6751

(SPACE BELOW FOR FILING STAMP ONLY)

5  Joseph M. Sholder, Bar No. 126347
   Nathan C. Rogers, Bar No. 203414

6

7  Attorneys for Debtors, Richard Lee Van Sickle and
   Diane Louise Van Sickle

8

9            **UNITED STATES BANKRUPTCY COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11                **NORTHERN DIVISION**

12

| 13 | In re | ) | BK No. ND 09-14219-RR |
|----|-------|---|----|

13  In re                              )   BK No. ND 09-14219-RR
                                       )
14  RICHARD LEE VAN SICKLE, and        )   Chapter 7
    DIANE LOUISE VAN SICKLE,           )
                                       )   MOTION TO COMPEL TRUSTEE TO
15              DEBTORS.               )   ABANDON PROPERTY; DECLARATION
                                       )   OF RICHARD VAN SICKLE;
16                                     )   DECLARATION OF JOSEPH M.
                                       )   SHOLDER
17                                     )   [11 U.S.C. § 544]
                                       )
18                                     )   Date: April 13, 2010
                                       )   Time: 10:00 a.m.
19                                     )   Courtroom: 201
20

21        Debtors, Richard and Diane Van Sickle, hereby move for an

22  order compelling the Chapter 7 Trustee, David Y. Farmer, to

23  abandon property of the bankruptcy estate, pursuant to 11

24  U.S.C. § 544(b), based on the following memorandum of points

25  and authorities, the declarations of Richard Van Sickle, Joseph

26  M. Sholder, and the attached exhibits in support of this

27  motion.

28  ////

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2      **I.   Introduction**

3          Debtors, Richard and Diane Van Sickle, seek an order

4  compelling the Chapter 7 Trustee to abandon all property of the

5  bankruptcy estate with the exception of a promissory note dated

6  March 10, 2005, executed in favor of the debtors by David

7  Tuttle.   Aside from this note, all of the other property

8  scheduled by debtors in their voluntary Chapter 7 petition is

9  of inconsequential value and benefit to the estate.   Therefore,

10 the Court should grant the motion.

11     **II.   Factual Background**

12         On or about March 10, 2005, in connection with debtors'

13 sale of real property located in the state of Idaho, the

14 purchaser, David Tuttle, executed a promissory note in favor of

15 the debtors in the amount of $40,000 (the "Tuttle note.")

16 (Exh. 1.)   Debtors filed their Chapter 7 petition on October

17 13, 2009.   At the time of the filing, when debtors completed

18 Schedules A and B to their petition, they believed that the

19 Tuttle note had been paid in full.   (Van Sickle Decl., ¶ 3.)

20 Therefore, the Tuttle note was not listed on these schedules.

21 (Exh. 2.)

22         Based upon the schedules that were filed, David Farmer,

23 the Chapter 7 Trustee, notified that court that the Trustee did

24 not wish to administer any assets of the bankruptcy estate.

25 (Exh. 8, Docket no. 25.)

26         Meanwhile, to their surprise, debtors received a check

27 dated December 31, 2009, for payment under the Tuttle note.

28 (Van Sickle Decl., ¶ 4; Exh. 3)   Debtors then discovered that

                                    2

1  approximately $18,000.00 remained to be paid on the note.

2  (Exh. 4.)  Accordingly, debtors notified the Trustee of the

3  existence of the note and turned the money over to him.

4  (Sholder Decl., ¶ 3; Exh. 7.)  Debtors also filed an amended

5  Schedule B to the Chapter 7 petition which listed the Tuttle

6  note.  (Exh. 5, item 18.)  After being informed of the Tuttle

7  note, the Trustee filed a withdrawal of the prior report

8  indicating there were no assets to be administered.  (Exh. 8.)

9      The Tuttle note is not payable in full until March, 2012,

10  meaning the debtors' case may be open for at least the next two

11  years.  (Exh. 1.)  Because the Trustee has previously expressed

12  no interest in administering any other assets of the estate,

13  debtors request that this Court order the Trustee to abandon

14  his interest in all property of the estate other than the

15  Tuttle note.

16      **III.  The Bankruptcy Code Authorizes the Court to Order the**

17          **Trustee to Abandon His Interest in Property of the**

18          **Bankruptcy Estate**

19      The Bankruptcy Code permits a party to move for an order

20  compelling the Trustee to relinquish an interest in property of

21  the estate:

22      On request of a party in interest and after notice

23      and a hearing, the court may order the trustee to

24      abandon any property of the estate that is burdensome

25      to the estate or that is of inconsequential value and

26      benefit to the estate.

27      11 U.S.C. § 554(b).

28

3

1   Here, the Court should issue such an order because the Trustee
2   has essentially admitted that all of the property of the estate
3   is of inconsequential value and benefit, with the sole
4   exception of the Tuttle note.

5       Based upon the schedules the debtors submitted with their
6   petition, the Trustee concluded that none of the assets were
7   worth administering and filed a report to this effect.   (Exh.
8   6.)   The only difference between the debtors' original
9   schedules and the amended Schedule B is the inclusion of the
10  Tuttle note, and as far as debtors are aware, the Tuttle note
11  is the sole reason why the Trustee filed the withdrawal of his
12  report.   (*cf.* Exhs. 2 and 5.)

13      Because the Tuttle note will not be paid in full until
14  March 2012 at the earliest, this case will have to remain open
15  while the Trustee administers the payments under the note.
16  This fact will cause difficulty to the debtors with respect to
17  property in which the Trustee has expressed no interest.   For
18  example, if debtors were try to get a loan modification on
19  their home or try to sell anything, like a car, they would be
20  unable to do so because all these assets would still be assets
21  of the estate.   Therefore, the Court should order the Trustee
22  to abandon everything except for the Tuttle note.

23      **IV.   Conclusion**

24      Because all property of the estate except for the Tuttle
25  note is of inconsequential value and benefit to the estate, the
26  Court should grant the instant motion and compel the Trustee to
27  abandon such property.

28  ///

4

1  Dated: March 5, 2010

GRIFFITH & THORNBURGH, LLP

By: _____
       JOSEPH M. SHOLDER
       NATHAN C. ROGERS, Attorneys
       for Debtors

1

**DECLARATION OF RICHARD VAN SICKLE**

2

I, Richard Van Sickle, declare as follows:

3      1.    I am the debtor in this Chapter 7 proceeding. I have

4 personal knowledge of the following facts and could and would

5 competently testify thereto if called upon to do so.

6      2.    In March, 2005, in connection with the sale of real

7 property in the State of Idaho which I owned, the purchaser,

8 David Tuttle, executed a promissory note in favor of me and my

9 wife, Diane Van Sickle, in the principal amount of $40,000 (the

10 "Tuttle note.") A true and correct copy of the promissory note

11 is attached hereto as Exhibit 1.

12      3.    My wife and I filed for bankruptcy on October 13,

13 2009. When we were preparing the petition and schedules with

14 our counsel, it was our belief that the Tuttle note had been

15 paid off. Therefore, the note was not included in our

16 bankruptcy schedules. True and correct copies of Schedules A

17 and B to our voluntary petition are attached hereto as Exhibit

18 2.

19      4.    Shortly after December 31, 2009, my wife and I

20 received a payment pursuant to the promissory note in the

21 amount of $9,992.00. We were surprised to receive this check

22 and to learn that there was still a balance of approximately

23 $18,000 remaining on the Tuttle note. Attached hereto as

24 Exhibits 3 and 4, respectively, are true and correct copies of

25 the December 31, 2009, check stub for $9,992.00, and a

26 statement from the title company in Idaho dated January 15,

27 2010, showing a principal balance of $18,106.53 remaining due

28 under the note.

1    5.   We notified our counsel, Mr. Sholder, about the

2  Tuttle note payment, and subsequently filed an amended Schedule

3  B to our petition which included the Tuttle note.   Attached

4  hereto as Exhibit 5 is a true and correct copy of the amended

5  Schedule B.

6     I declare under penalty of perjury, under the laws of the

7  United States, that the foregoing is true and correct.

8  Executed this 4th day of March, 2010, at Camarillo, California.

9

10

11

12           Richard Van Sickle

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF JOSEPH M. SHOLDER**

I, Joseph M. Sholder, declare as follows:

1.    I am an attorney at law, licensed to practice in the State of California and before this Court.  I am a partner in the law firm of Griffith & Thornburgh, LLP, counsel of record for the debtors, Richard and Diane Van Sickle.  I have personal knowledge of the following facts and could and would competently testify thereto if called upon to do so.

2.    Attached hereto as Exhibit 6 is a true and correct copy of a docket report in this action obtained from the PACER website, which shows that on or about December 30, 2009 (Docket no. 25), the Chapter 7 Trustee filed a report indicating that he was abandoning the assets of the bankruptcy estate and did not intend to administer them.

3.    When my clients notified me that they had received payment pursuant to a promissory note executed by David Tuttle, I informed the Chapter 7 Trustee, David Farmer, of the existence of the note and also sent the payment check to Mr. Farmer.  A true and correct copy of my email to Mr. Farmer dated January 13, 2010, informing him of the note is attached hereto as Exhibit 7.

4.    On January 13, 2010, I received notice that Mr. Farmer was withdrawing his prior report of no assets in this case.  A true and correct copy of Mr. Farmer's withdrawal is attached hereto as Exhibit 8.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

1 | Executed this 5th day of March, 2010, at Santa Barbara,

2 | California.

3

4 | _____

5 | Joseph M. Sholder

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DO NOT DESTROY THIS NOTE: When paid, this Note must be surrendered to the Kootenai County
Title Company with Request for Reconveyance.

## STRAIGHT PROMISSORY NOTE

$ 40,000.00
5%
Coeur d'Alene, Idaho

This Promissory Note is made on the 10th day of March, 2005

For Value Received, the undersigned, jointly and severally, promise to pay to RICHARD VANSICKLE AND
DIANE VANSICKLE, Husband and Wife, or order at Kootenai County Title Co., 810 Sherman Ave.,
Coeur d'Alene, ID 83814, the sum of Forty Thousand and 00/100 Dollars ($ 40,000.00) with interest thereon on
the balance at the rate of 5% PER ANNUM, payable in the following form and manner:

In yearly installments of $2,768.15 or more, including interest, with the first payment due, and like
payments of $2,768.15, due once yearly thereafter, until March 10, 2012 at which time the entire principal
and interest balance are due and payable in full.

Interest to accrue from March 10, 2005.

All payments shall be applied first to interest and the balance, if any, to the reduction of the principal
indebtedness.

Accelerated payment or payments are allowed under this Note without any prepayment penalty, however,
prepayment against the principal hereof shall not relieve Promisor of the obligation to make yearly installments as
required hereunder.

If any default shall occur in the payment of the Note, either principal or interest, or any part thereof, the whole
sum of both principal and interest may become immediately due and collectible at the option of the holder of this
Note. And in case suit or action is instituted to collect all or any part of the Note, the undersigned promise and
agree to pay in addition to the costs and disbursements incurred therein or as provided by statute, a reasonable sum
for attorney's fees incurred in said suit or action.

The lack of default notice at such time as a default occurs shall not constitute a waiver on the part of the holder
hereof to thereafter declare this Note in default nor shall the lack of default notice constitute or operate as a waiver
of any provision herein nor as a waiver of this provision.

DATED this 10th day of March, 2005

DAVID TUTTLE

*Read and approved:*

RICHARD VANSICKLE

DIANE VANSICKLE

EXHIBIT 1
Page 10

B6B (Official Form 6B) (12/07) — Cont.

In re  **Richard Lee Van Sickle**    Case No. _____
       **Diane Louise Van Sickle**                (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | $10,000 loaned to Van Sickle & Rowley, LLP (winding up) | C | $10,000.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

EXHIBIT 2
Page 11

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Richard Lee Van Sickle**                                    Case No. _____
       **Diane Louise Van Sickle**                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Chevrolet Suburban | J | $6,000.00 |
| | | 2007 Ford Edge | J | $15,475.00 |
| | | 2006 Winnebago Motorhome | J | $140,000.00 |
| | | 1991 Toyota Truck | J | $500.00 |
| | | 1979 MGB, inoperative and in storage | J | $500.00 |
| | | 2005 Chevrolet Corvette | J | $24,900.00 |
| 26. Boats, motors, and accessories. | | 1992 Ultra Boat (w/blown engine) | J | $0.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | IBook computer | J | $500.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | 3 horses; 2 donkeys (rescue) | J | $100.00 |

EXHIBIT 2
Page 12

B6B (Official Form 6B) (12/07) — Cont.

In re **Richard Lee Van Sickle**                                    Case No. _____
     **Diane Louise Van Sickle**                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | TimeShare - 1997 Classic Dreamer Houseboat on Lake Powell | J | Unknown |
| | | $9,400 check from ING account. | H | $9,400.00 |
| | | Misc. tools. | H | $2,500.00 |
| | | | | |

_____4_____ continuation sheets attached

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)    **Total >**    | $356,544.71

EXHIBIT 2

B6A (Official Form 6A) (12/07)

In re  **Richard Lee Van Sickle**                                                Case No. _____
       **Diane Louise Van Sickle**                                                                    (If known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| Condominium<br>4762 Shady Creek Drive<br>Paso Robles, CA 93446 | 100% fee owned by Van Sickle Family Trust | J | $150,000.00 | $143,632.00 |
| Residence<br>11687 Charisma Court<br>Camarillo, CA 93012 | 100% fee owned by Van Sickle Family Trust<br>(See Rider #1) | J | $1,080,000.00 | $1,124,263.00 |
| | | Total: | $1,230,000.00 | |
| | | | (Report also on Summary of Schedules) | |

EXHIBIT 2
Page 14



## STEPHEN CHRISTIE
O R O U P

October 7, 2009

Richard Van Sickle and Diane Rowley
11687 Charisma Court
Santa Rosa Valley, CA 93012

Dear Richard and Diane,

As you know, I was the listing broker at the time you purchased your home almost 9 years ago and am intimately familiar with the property, the neighborhood and local market conditions.

After reviewing several comparable properties in your area it is decided to be my professional opinion that under current market conditions your home, located at 11687 Charisma Court in Santa Rosa Valley, would successfully sell within a reasonable time frame for approximately $1,080,000.00.

If you should have any questions regarding this information please feel free to contact me.

Sincerely,

Stephen Christie
Broker Associate
The Stephen Christie Group
Coldwell Banker
805.582.9500
schristie@cghomes.com

**Stephen Christie Group**
2659 Townsgate Road, Suite 116
Westlake Village, CA 91361
T. 805.582.9500
F. 805.426.8800
www.cghomes.com

B6B (Official Form 6B) (12/07)

In re  **Richard Lee Van Sickle**                    Case No. _____
        **Diane Louise Van Sickle**                              (If known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | On person. | J | $500.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of the West Checking Account # XXXXX1584 | J | $3,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Misc. household furniture, with no one item worth more than $450. | J | $5,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Usual and customary men's and woman's clothing. | J | $500.00 |
| 7. Furs and jewelry. | | Misc. jewelry. See attached Rider #2. | J | $1,300.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Camera and lenses. | J | $500.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Indianapolis Life Policy # ILXXXX7270 and Policy # ILXXX1560 (term life insurance) | H | $0.00 |
| | | West Coast Life Insurance Policy (term life insurance). | W | $0.00 |

EXHIBIT 2
Page 16

## INVENTORY OF PERSONAL JEWELRY

| | |
|---|---|
| WEDDING RING | $300.00 |
| DIAMOND PINKY RING | $200.00 |
| DIAMOND HEART NECKLACE | $200.00 |
| SERPETINE GOLD CHAIN | $100.00 |
| PANTHER RING | $100.00 |
| DIAMOND STUD EARRING | $100.00 |
| MISCL. COSTUME ETC. | $100.00 |
| MEN'S WEDDING RING | $200.00 |
| TOTAL | $1300.00 |

B6B (Official Form 6B) (12/07) — Cont.

In re  **Richard Lee Van Sickle**                                  Case No. _____
       **Diane Louise Van Sickle**                                          (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Pershing IRA (as of 9-18-09) | H | $30,261.21 |
| | | Pershing IRa (as of 9/18/09) | W | $28,459.52 |
| | | ING Variable Annuity Simple IRA (as of 9/18/09) | W | $31,454.22 |
| | | Fidelity Investments Simple IRA (as of 9/18/09) | H | $33,306.25 |
| | | FCB IRA | J | $5,000.00 |
| | | Fidelity Investments IRA (as of 9-18-09) | H | $6,888.51 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | ING RVS | H | $500.00 |
| | | 90% general partnership interest in BlueStar Equine. See attached Rider #3. | H | $0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | | 100% interest in Van Sickle & Rowley, LLP | J | $0.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |

EXHIBIT 2
Page 18

# BLUE STAR EQUINE

| ASSETS | VAL./AMOUNT |
|---|---|
| HORSES | |
| *ACE | $10,000 |
| TASHA | $75,000 |
| LOGAN (1/2 INTEREST) | $50,000 |
| **RILORY (1/2 INTEREST) | $5,000 |
| LENA | $8,000 |
| SCARLET | $8,000 |
| LUKE | $8,000 |
| TRAILER | $20,000 |
| EQUIPMENT | $3,000 |
| TOTAL | $187,000 |

| LIABILITIES | |
|---|---|
| SHADOWBROOK STABLE | $25,000 |
| JANICE ROWLEY LOAN | $109,458 |
| TOTAL | 134,458 |

*HAS BEEN FOR SALE FOR TWO YEARS
** HAS BEEN LAME FOR TWO YEARS

KOOTENAI COUNTY TITLE COMPANY

Acct #: 16382
Payor: DAVID TUTTLE
Amt Recd: 10000.00 Date Rec'd: 12/31/09   Int Pd to: 12/31/09   Int Rate: 5.000

| | This Payment | Year-to-Date | | |
|---|---|---|---|---|
| | | | Previous Balance: | 26764.31 |
| | | | Adjustments: | .00 |
| Principal: | 8657.78 | 8657.78 | Current Balance: | 18106.53 |
| Interest: | 1338.22 | 1338.22 | | |
| Buyer's Fee: | 4.00 | | Reserve Balance: | .00 |
| Reserve: | .00 | | Lte Chg Balance: | .00 |
| Late Charge: | .00 | | Disbursements: | |
| | | | Seller's Fee: | 4.00 |
| | | | RICHARD VANSICKLE | 9992.00 |

RICHARD VANSICKLE
DIANE VANSICKLE
90 EAST THOUSAND OAKS BLVD#300
THOUSAND OAKS CA 91360

55.700

EXHIBIT 3
Page 20

```
                        KOOTENAI COUNTY TITLE CO.
01/15/10                2010 PAYMENT HISTORY                    PAGE   1

                        ACCOUNT #      16382
```

Buyer:                                 Seller:


DAVID TUTTLE                           RICHARD VANSICKLE
                                       DIANE VANSICKLE
6165 N SUNSHINE ST                     90 EAST THOUSAND OAKS BLVD#300
COEUR D ALENE ID 83815                 THOUSAND OAKS CA 91360


```
ORIGINAL BALANCE     40,000.00    YTD INTEREST PAID          .00
REMAINING BALANCE    18,106.53    YTD PRINCIPAL PAID         .00
P & I PYMT AMT        2,768.15    RESERVE BALANCE            .00
INTEREST RATE            5.000    LTE CHG BALANCE            .00
INTEREST PAID TO      12/31/09    TRUST BALANCE             .00
NEXT PYMT DUE         03/10/11
```

| DATE | TRANSACTION | AMOUNT | INTPD TO | PRINCIPAL | INTEREST | END BALANCE |
|------|-------------|--------|----------|-----------|----------|-------------|
|      | PRINBAL FWD | .00 | 12/31/09 | .00 | .00 | 18106.53 |

Please use the Year-to-Date Interest Paid amount for your tax records.

EXHIBIT 4
Page 21

B6B (Official Form 6B) (12/07)

In re  **Richard Lee Van Sickle**                                Case No.   **9:09-bk-14219**
       **Diane Louise Van Sickle**                                                    (if known)

### AMENDED
## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | On person. | J | $500.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of the West Checking Account # XXXXX1584 | J | $3,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Misc. household furniture, with no one item worth more than $450. | J | $5,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Usual and customary men's and woman's clothing. | J | $500.00 |
| 7. Furs and jewelry. | | Misc. jewelry.  See attached Rider #2. | J | $1,300.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Camera and lenses. | J | $500.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Indianapolis Life Policy # ILXXXX7270 and Policy # ILXXX1560 (term life insurance) | H | $0.00 |
| | | West Coast Life Insurance Policy (term life insurance). | W | $0.00 |

EXHIBIT 5
Page 22

B6B (Official Form 6B) (12/07) — Cont.

In re  **Richard Lee Van Sickle**          Case No.   **9:09-bk-14219**
       **Diane Louise Van Sickle**                    (If known)

## *AMENDED*
## SCHEDULE B - PERSONAL PROPERTY

Continuation Sheet No. 1

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Pershing IRA (as of 9-18-09) | H | $30,261.21 |
| | | Pershing IRa (as of 9/18/09) | W | $28,459.62 |
| | | ING Variable Annuity Simple IRA (as of 9/18/09) | W | $31,454.22 |
| | | Fidelity Investments Simple IRA (as of 9/18/09) | H | $33,306.25 |
| | | FCB IRA | J | $5,000.00 |
| | | Fidelity Investments IRA (as of 9-18-09) | H | $6,888.51 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | ING RVS | H | $500.00 |
| | | 90% general partnership interest in BlueStar Equine. See attached Rider #3. | H | $0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | | 100% interest in Van Sickle & Rowley, LLP | J | $0.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |

EXHIBIT 5
Page 23

B6B (Official Form 6B) (12/07) — Cont.

In re  Richard Lee Van Sickle                                    Case No.   9:09-bk-14219
       Diane Louise Van Sickle                                                (if known)

### AMENDED
## SCHEDULE B - PERSONAL PROPERTY
Continuation Sheet No. 2

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | $10,000 loaned to Van Sickle & Rowley, LLP (winding up)<br><br>Note due by David Tuttle to debtors. | C<br><br>C | $10,000.00<br><br>$28,102.63 |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

EXHIBIT 5
Page 24

B6B (Official Form 6B) (12/07) — Cont.

In re  Richard Lee Van Sickle                                          Case No.   9:09-bk-14219
       Diane Louise Van Sickle                                                          (if known)

## AMENDED
## SCHEDULE B - PERSONAL PROPERTY
Continuation Sheet No. 3

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Chevrolet Suburban | J | $6,000.00 |
| | | 2007 Ford Edge | J | $16,475.00 |
| | | 2006 Winnebago Motorhome | J | $140,000.00 |
| | | 1991 Toyota Truck | J | $500.00 |
| | | 1979 MGB, inoperative and in storage | J | $500.00 |
| | | 2005 Chevrolet Corvette | J | $24,900.00 |
| 26. Boats, motors, and accessories. | | 1992 Ultra Boat (w/blown engine) | J | $0.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | IBook computer | J | $500.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | 3 horses; 2 donkeys (rescue) | J | $100.00 |

EXHIBIT 5
Page 25

B6B (Official Form 6B) (12/07) — Cont.

In re  Richard Lee Van Sickle                                    Case No,    9:09-bk-14219
       Diane Louise Van Sickle                                                (if known)

*AMENDED*
## SCHEDULE B - PERSONAL PROPERTY
Continuation Sheet No. 4

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops – growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | TimeShare - 1997 Classic Dreamer Houseboat on Lake Powell | J | Unknown |
| | | $9,400 check from ING account. | H | $9,400.00 |
| | | Misc. tools. | H | $2,500.00 |

|  |  |  |
|---|---|---|
| _____4_____ continuation sheets attached | Total > | $384,647.24 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

EXHIBIT 5
Page 26

B6 Declaration (Official Form 6 – Declaration) (12/07)

In re  **Richard Lee Van Sickle**                    Case No.  **9:09-bk-14219**
         **Diane Louise Van Sickle**                                    (if known)

## *AMENDED*
## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ 7 _____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____ 1-29-2010 _____          Signature _____
                                                              Richard Lee Van Sickle

Date _____ Jan 27, 2010 _____        Signature _____
                                                              Diane Louise Van Sickle
                                                       [If joint case, both spouses must sign.]

_Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or_
_both. 18 U.S.C. §§ 152 and 3571._

EXHIBIT 5
Page 27

In re:    Case 9:09-bk-14219-RR   Doc 32   Filed 02/03/10   Entered 02/03/10 14:57:41   Desc
Richard Lee Van Sickle and Diane Louise Van Sickle   Main Document   Page 7 of 7   CHAPTER: 7

Debtor(s).   CASE NUMBER: ND 09-14219-RR

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Third Floor, Santa Barbara, CA 93101

A true and correct copy of the foregoing document described as <u>AMENDED SUMMARY OF SCHEDULES AND</u>
<u>AMENDED SCHEDULE B</u>                                                                will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____FEB. 3, 2010_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

- David Farmer   emily@farmerandready.com, cacie@farmerandready.com;ca66@ecfcbis.com (Trustee)
- S Blair Korschum   ecfnotices@ascensioncapitalgroup.com
- Christopher J Langley   clangley@cookseylaw.com
- Joseph M. Sholder   sholder@g-tlaw.com (Attorney for Debtors)
- United States Trustee (ND)   ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____FEB. 3, 2010____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

By Personal Delivery: Hon. Robin Riblet, United States Bankruptcy Court, 1415 State Street, Santa Barbara, CA 93101

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____FEB. 3, 2010_____      EVELYN R. DOWNS
Date                          Type Name                          Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# U.S. Bankruptcy Court
## Central District Of California (Santa Barbara)
### Bankruptcy Petition #: 9:09-bk-14219-RR

*Date filed:*  10/13/2009

*Assigned to:* Robin Riblet
Chapter 7
Voluntary
Asset

| | |
|---|---|
| *Debtor*<br>**Richard Lee Van Sickle,** *Richard Lee Van Sickle*<br>11687 Charisma Court<br>Camarillo, CA 93012<br>SSN / ITIN: xxx-xx-0556 | represented by **Joseph M. Sholder**<br>Griffith & Thornburgh, LLP<br>8 E Figuerora St 3rd Fl<br>Santa Barbara, CA 93101<br>805-965-5131<br>Fax : 805-965-6751<br>Email: sholder@g-tlaw.com |
| *Joint Debtor*<br>**Diane Louise Van Sickle,** *Diane Louise Van Sickle*<br>11687 Charisma Court<br>Camarillo, CA 93012<br>SSN / ITIN: xxx-xx-8080<br>*aka*<br>**Diane Louise Rowley** | represented by **Joseph M. Sholder**<br>(See above for address) |

*Trustee*
**David Farmer**
P.O. Box 1443
San Luis Obispo, CA 93406
(805) 541-5390

*U.S. Trustee*
**United States Trustee (ND)**
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

| Filing Date | # | Docket Text |
|---|---|---|
| | | Chapter 7 Voluntary Petition . Fee Amount $299 Filed by Richard Lee Van Sickle, Diane Louise Van Sickle (Attachments: # 1 Part 2 of 10# 2 Part 3 of 10# 3 Part 4 of 10# 4 Part 5 of 10# 5 Part 6 of 10# 6 Part 7 of 10# 7 Part 8 of 10# 8 Part 9 of 10# 9 Part 10 of 10) (Sholder, Joseph)CORRECTION: Petition is deficient for Declaration RE: Electronic Filing - document is missing attorney's signature due by 10/28/2009. Incomplete Filings due by |

EXHIBIT 6
Page 29

| | | |
|---|---|---|
| 10/13/2009 | <u>1</u> | 10/28/2009. Section 316 Incomplete Filings due by 11/28/2009. Modified on 10/15/2009 (Bolden, Lorraine). (Entered: 10/13/2009) |
| 10/13/2009 | <u>2</u> | Statement of Social Security Number(s) Form B21 Filed by Joint Debtor Diane Louise Van Sickle, Debtor Richard Lee Van Sickle. (Sholder, Joseph) (Entered: 10/13/2009) |
| 10/13/2009 | <u>3</u> | Certificate of Credit Counseling Filed by Debtor Richard Lee Van Sickle. (Sholder, Joseph) (Entered: 10/13/2009) |
| 10/13/2009 | <u>4</u> | Certificate of Credit Counseling Filed by Joint Debtor Diane Louise Van Sickle. (Sholder, Joseph) (Entered: 10/13/2009) |
| 10/13/2009 | | Receipt of Voluntary Petition (Chapter 7)(9:09-bk-14219) [misc,volp7] ( 299.00) Filing Fee. Receipt number 11130064. Fee amount 299.00. (U.S. Treasury) (Entered: 10/13/2009) |
| 10/13/2009 | <u>6</u> | Meeting of Creditors with 341(a) meeting to be held on 11/16/2009 at 01:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. Objections for Discharge due by 01/15/2010. (Sholder, Joseph) (Entered: 10/13/2009) |
| 10/13/2009 | <u>5</u> | Case Commencement Deficiency Notice (BNC)RE: Declaration Re: Electronic Filing - document missing attorney's signature due by 10/28/2009. (RE: related document(s) <u>1</u> Voluntary Petition (Chapter 7) filed by Debtor Richard Lee Van Sickle, Joint Debtor Diane Louise Van Sickle) (Bolden, Lorraine) (Entered: 10/15/2009) |
| 10/15/2009 | <u>7</u> | Notice of Requirement to Complete Course in Financial Management (BNC) . (Bolden, Lorraine) (Entered: 10/15/2009) |
| 10/16/2009 | <u>8</u> | Declaration Re: Electronic Filing *AMENDED* Filed by Joint Debtor Diane Louise Van Sickle, Debtor Richard Lee Van Sickle. (Sholder, Joseph) (Entered: 10/16/2009) |
| 10/17/2009 | <u>9</u> | BNC Certificate of Service (RE: related document(s) <u>6</u> Meeting (Chapter 7)) No. of Notices: 967. Service Date 10/17/2009. (Admin.) (Entered: 10/17/2009) |
| 10/17/2009 | <u>10</u> | BNC Certificate of Service (RE: related document(s) <u>5</u> Case Commencement Deficiency Notice (BNC)) No. of Notices: 3. Service Date 10/17/2009. (Admin.) (Entered: 10/17/2009) |
| | | BNC Certificate of Service (RE: related document(s) <u>7</u> Notice of Requirement to Complete Course in Financial Management |

EXHIBIT 6
Page 30

| | | |
|---|---|---|
| 10/17/2009 | <u>11</u> | (BNC)) No. of Notices: 4. Service Date 10/17/2009. (Admin.) (Entered: 10/17/2009) |
| 10/22/2009 | <u>12</u> | Request for special notice Filed by Creditor HSBC Auto Finance Department. (Korschum, S) (Entered: 10/22/2009) |
| 11/18/2009 | 13 | 341 Meeting of Creditors Continued on 12/28/2009 at 01:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101 (Farmer, David) (Entered: 11/18/2009) |
| 11/18/2009 | <u>14</u> | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee David Farmer (RE: related document(s) 13 Continuance of Meeting of Creditors). (Farmer, David) (Entered: 11/18/2009) |
| 11/23/2009 | <u>15</u> | Amended Schedule F Filed by Joint Debtor Diane Louise Van Sickle, Debtor Richard Lee Van Sickle. (Sholder, Joseph) (Entered: 11/23/2009) |
| 11/23/2009 | | Receipt of Schedule F - Creditors Holding Unsecured Nonpriority Claims(9:09-bk-14219-RR) [misc,schf] ( 26.00) Filing Fee. Receipt number 11703101. Fee amount 26.00. (U.S. Treasury) (Entered: 11/23/2009) |
| 11/23/2009 | <u>16</u> | Statement of Financial Affairs *Amended* Filed by Joint Debtor Diane Louise Van Sickle, Debtor Richard Lee Van Sickle. (Sholder, Joseph) (Entered: 11/23/2009) |
| 11/23/2009 | <u>17</u> | Verification of creditor matrix *Supplemental Master Mailing List* Filed by Joint Debtor Diane Louise Van Sickle, Debtor Richard Lee Van Sickle. (Sholder, Joseph) (Entered: 11/23/2009) |
| 11/24/2009 | <u>18</u> | Motion for extension of time to file a complaint objecting to discharge *Stipulation* Filed by Joint Debtor Diane Louise Van Sickle, Debtor Richard Lee Van Sickle (Sholder, Joseph) (Entered: 11/24/2009) |
| 11/25/2009 | <u>19</u> | Reaffirmation Agreement Between Debtor and HSBC Auto Finance (f/k/a Household Auto Finance Corp) in the amount of $17,650.71 for a 2005 Chevrolet Corvette Filed by Creditor HSBC Auto Finance Department. (Korschum, S)CORRECTION: with certification of debtor's attorney Modified on 11/30/2009 (Williams, Quentin). (Entered: 11/25/2009) |
| | | ORDER granted re: <u>18</u> Motion for extension of time to file a complaint objecting to discharge Stipulation. Deadline for the Turstee to object to the debtor's discharge shall be extended to |

EXHIBIT 6
Page 31

| | | |
|---|---|---|
| 11/30/2009 | 20 | April 15, 2010. Signed on 11/30/2009. (Chackel, Danielle) (Entered: 11/30/2009) |
| 12/02/2009 | 21 | Proof of service *of Entered Order Extending Deadline to Object to Debtor's Discharge* Filed by Joint Debtor Diane Louise Van Sickle, Debtor Richard Lee Van Sickle (RE: related document(s) 20 ORDER to extend time). (Sholder, Joseph) (Entered: 12/02/2009) |
| 12/21/2009 | 22 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Christopher J Langley on behalf of Courtesy NEF. (Langley, Christopher) (Entered: 12/21/2009) |
| 12/28/2009 | 23 | Certificate of Credit Counseling *Completion of Postpetition Course* Filed by Debtor Richard Lee Van Sickle. (Sholder, Joseph) CORRECTION: Incorrect Docket Event Code; Personal Financial Management Courese Requirements are met, Modified on 12/28/2009 (McNabb, Jim). (Entered: 12/28/2009) |
| 12/28/2009 | 24 | Certificate of Credit Counseling *Completion of Postpetition Course* Filed by Joint Debtor Diane Louise Van Sickle. (Sholder, Joseph) CORRECTION: Incorrect Docket Event Code; personal financial management course requirements are met, Modified on 12/28/2009 (McNabb, Jim). (Entered: 12/28/2009) |
| 12/30/2009 | 25 | Chapter 7 Trustee's Report of No Distribution: I, David Farmer, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 3 months. Assets Abandoned: $ 1586544.71, Assets Exempt: Not Available, Claims Scheduled: $ 1555823.98, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 1555823.98. (Farmer, David) (Entered: 12/30/2009) |
| 01/04/2010 | 26 | Reaffirmation Agreement Between Debtor and Ford Motor Credit Company LLC Filed by Creditor Ford Motor Credit Company LLC. (Langley, Christopher)CORRECTION: with certification of debtor's attorney Modified on 1/5/2010 (Williams, Quentin). (Entered: 01/04/2010) |

EXHIBIT 6
Page 32

| | | |
|---|---|---|
| 01/13/2010 | 27 | Withdrawal re: *Report of Trustee in Chapter 7 No Asset Case with Proof of Service* Filed by Trustee David Farmer (RE: related document(s) 25 Chapter 7 Trustee's Report of No Distribution). (Farmer, David) (Entered: 01/13/2010) |
| 01/20/2010 | 28 | Notice of Assets filed by trustee and court's notice of possible dividend. Meeting of creditors held and concluded (BNC) *Notification of Asset Case and Setting of Claims Bar Date with Proof of Service* Filed by Trustee David Farmer. Proofs of Claims due by 5/3/2010. Government Proof of Claim due by 7/19/2010. (Farmer, David) (Entered: 01/20/2010) |
| 01/27/2010 | 29 | BNC Certificate of Notice (RE: related document(s) 28 Notice of Assets filed by trustee and court's notice of possible dividend. Meeting of creditors held and concluded (BNC) filed by Trustee David Farmer) No. of Notices: 971. Service Date 01/27/2010. (Admin.) (Entered: 01/27/2010) |
| 02/01/2010 | 30 | Reaffirmation Agreement Between Debtor and Bank of the West (with certification of debtor's attorney) Filed by Joint Debtor Diane Louise Van Sickle , Debtor Richard Lee Van Sickle . (Williams, Quentin) (Entered: 02/01/2010) |
| 02/03/2010 | 31 | Summary of Schedules *Amended* Filed by Joint Debtor Diane Louise Van Sickle, Debtor Richard Lee Van Sickle. (Sholder, Joseph) (Entered: 02/03/2010) |
| 02/03/2010 | 32 | Amended Schedule B Filed by Joint Debtor Diane Louise Van Sickle, Debtor Richard Lee Van Sickle. (Sholder, Joseph) (Entered: 02/03/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/02/2010 15:43:24 | | | |
| **PACER Login:** | gt0063 | **Client Code:** | 4319-0001 |
| **Description:** | Docket Report | **Search Criteria:** | 9:09-bk-14219-RR Fil or Ent: filed To: 3/2/2010 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

## Nathan C. Rogers

**From:**    Joseph M. Sholder [sholder@g-tlaw.com]
**Sent:**    Wednesday, January 13, 2010 7:54 AM
**To:**    David Y Farmer
**Cc:**    Diane Rowley; Richard Van Sickle
**Subject:** In re Van Sickle

David:

The debtors' statement of financial affairs item #2 disclosed that they had received payments in 2008 on an Idaho note stemming from a sale of property in Idaho by Mr. Van Sickle. They hadn't (and still haven't) been able to find the note. They did not list the Idaho note as an asset because they believed that it had been paid off and so testified at their 341(a) hearing.

I am informed that they received a payment on the Idaho note yesterday of approximately $9,000. I will forward that check to you. Further, the check stub (that I'm also mailing you) shows that about another $18,000 is owed.

The debtor's will also be amending their Schedule B to list this note. Please let me know if you need any more information.

Joseph M. Sholder, Esq.
GRIFFITH & THORNBURGH, LLP
8 E. Figueroa Street - 3rd Floor (93101)
Post Office Box 9
Santa Barbara, CA  93102-0009
Telephone:  805-965-5131
Fax:  805-965-6751
www.g-tlaw.com
sholder@g-tlaw.com

This is a transmission from the law firm of GRIFFITH & THORNBURGH, LLP. This message and any documents that follow this message may be confidential and contain information protected by the attorney-client or attorney work-product privileges. They are intended only for the addressee. If any attachments require conversion or this transmission is received in error, please contact Griffith & Thornburgh immediately. Thank you.

EXHIBIT 7
Page 34

3/2/2010

**DAVID Y. FARMER**
**CHAPTER 7 TRUSTEE**
P. O. Box 1443
1254 Marsh Street
San Luis Obispo, CA 93406
Telephone: (805) 541-5390
Facsimile: (805) 541-0769

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In Re: | ) | Case No. 9:09-BK-14219-RR |
| | ) | |
| RICHARD and DIANE VAN SICKLE | ) | Chapter 7 |
| | ) | |
| | ) | **WITHDRAWAL OF REPORT OF TRUSTEE** |
| | ) | **IN CHAPTER 7 NO ASSET CASE** |
| | ) | |
| Debtor(s). | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**TO THE OFFICE OF THE UNITED STATES TRUSTEE AND THE OFFICE OF THE BANKRUPTCY CLERK:**

1.    DAVID Y. FARMER, the duly appointed, qualified and acting trustee for the above-captioned bankruptcy estate, hereby notifies the Office of the Bankruptcy Clerk and the Office of the United States Trustee that he believes that he has discovered an asset of the estate.

2.    The Trustee has previously filed a Report of Trustee in Chapter 7 No Asset Case prior to discovering what he believes to be an asset of this estate.

3.    The Trustee requests that both the Office of the Bankruptcy Clerk and the Office of the United States Trustee treat as withdrawn from their records such Report, as previously filed.

Dated: January 13, 2010

David Y. Farmer
Chapter 7 Trustee

1

EXHIBIT 8
Page 35

| In re: Richard and Diane Van Sickle | CHAPTER 7 |
|---|---|
| Debtor(s) | CASE NUMBER 9:09-bk-14219-RR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Farmer & Ready, 1254 Marsh Street, San Luis Obispo, CA 93401

A true and correct copy of the foregoing document described **WITHDRAWAL OF REPORT OF TRUSTEE IN CHAPTER 7 NO ASSET CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>January 13, 2010</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

   David Farmer    emily@farmerandready.com, cacie@farmerandready.com; ca66@ecfcbis.com
   S Blair Korschum    ecfnotices@ascensioncapitalgroup.com
   Christopher J Langley    clangley@cookseylaw.com
   Joseph M. Sholder    sholder@g-tlaw.com
   United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

   ☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On <u>January 13, 2010</u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Debtor:
Richard and Diane Van Sickle
11687 Charisma Court
Camarillo, CA 93012

Honorable Robin Riblet
U.S. Bankruptcy Court
1415 State Street
Santa Barbara, CA 93101

   ☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 13, 2010 | Cacie Lunt | |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

EXHIBIT 8
Page 36

In re:
Case 9:09-bk-14219-RR   Doc 33   Filed 03/05/10   Entered 03/05/10 13:44:56   Desc
Richard Lee Van Sickle and Diane Louise Van Sickle   Main Document   Page 37 of 37   CHAPTER: 7

Debtor(s).

CASE NUMBER: ND 09-14219-RR

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Third Floor, Santa Barbara, CA 93101

A true and correct copy of the foregoing document described as **MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY; DECLARATIONS OF RICHARD VAN SICKLE AND JOSEPH SHOLDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On     **MARCH 5, 2010**     I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

- David Farmer    emily@farmerandready.com, cacie@farmerandready.com;ca66@ecfcbis.com (Trustee)
- S Blair Korschum    ecfnotices@ascensioncapitalgroup.com
- Christopher J Langley    clangley@cookseylaw.com
- Joseph M. Sholder    sholder@g-tlaw.com (Attorney for Debtors)
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on     **MARCH 5, 2010**     I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

By Personal Delivery:  Hon. Robin Riblet, United States Bankruptcy Court, 1415 State Street, Santa Barbara, CA 93101

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| MARCH 5, 2010 | EVELYN R. DOWNS | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

American LegalNet, Inc.
www.FormsWorkflow.com